UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK TURNER,

    PLAINTIFF,

v.                                                             Case No. 2:06-CV-14049

INTERNAL REVENUE SERVICE,         Honorable Sean F. Cox

    DEFENDANT.
_____/

**ORDER DISMISSING ACTION FOR
LACK OF SUBJECT MATTER JURISDICTION**

On September 14, 2006, *pro se* plaintiffs[1] Patrick and Patricia Turner filed this action against the Internal Revenue Service (IRS) seeking to set aside a Notice of Determination issued by the IRS on August 16, 2006. For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction over this matter. The Court shall therefore dismiss this action pursuant to FED. R. CIV. P. 12(h)(3).

"Before a levy may be made on the property of any taxpayer, such taxpayer must be notified of his right to request a pre-levy hearing. 26 U.S.C. §6330(a)." *Diefenbaugh v. Weiss*, 234 F.3d 1267, 2000 WL 1678510 at * 1. A "Final Notice of Intent to Levy" was issued to Plaintiffs for unpaid tax relating to their 2003 income taxes. Following receipt of the "Letter 1058, Notice of intent to Levy and Notice of Your Right to a Hearing, dated 02/25/06," Plaintiffs filed a request for Collection Due Process (CDP) Hearing under Internal Revenue Section 6330.

In a "Notice of Determination Concerning Collection Action(s) Under Section 6320

---

[1]The Complaint caption lists only Patrick Turner as the plaintiff in this action, but the body of the complaint indicates that both Patrick Turner and Patricia Turner are plaintiffs.

and/or 6330" dated August 16, 2006, the IRS advised Plaintiffs that: 1) their request for a face-to-face hearing was denied because the only issues raised by Plaintiffs are frivolous and have been repeatedly rejected by the courts; and 2) the income tax levy was sustained by the IRS. The August 16, 2006 Notice of Determination expressly advised Plaintiffs that they may dispute the determination in court by filing a petition **with the United States Tax Court** for a redetermination within 30 days from the date of the letter. It further advised that "[i]f the Court determines that you filed your petition with the wrong court, you will have 30 days after such determination to file with the correct court."

"Because the Tax Court has jurisdiction over levies to collect income taxes, it, rather than the district court, has exclusive jurisdiction to review the IRS's levy pursuant to §6330(d)(1)." *Diefenbaugh* at * 2. The §6330 proceeding at issue here involves income tax issues. This Court is therefore without subject matter jurisdiction to consider the case. *Diefenbaugh* at * 1.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

The Court notes that, pursuant to §6330(d)(1), Plaintiffs will have 30 days from the dismissal of this action to refile in the United States Tax Court.

**IT IS SO ORDERED**.

             S/Sean F. Cox
             Sean F. Cox
             United States District Judge

Dated: September 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2006, by electronic and/or ordinary mail.

             S/Jennifer Hernandez
             Case Manager